GEORGE H. VRADENBURG, APPELLEE, V. FRANK A. JOHN-
SON ET AL., APPELLANTS.

FILED JANUARY 21, 1904.   No. 13,369.

Foreclosure Sale: OBJECTIONS TO CONFIRMATION. Technical objections
on the confirmation of a judicial sale, where the matters com-
plained of are not shown to have resulted in any prejudice to
the rights of the person making the objections, should be dis-
regarded.

APPEAL from the district court for Douglas county:
JACOB FAWCETT, JUDGE. Affirmed.

E. W. Eller, for appellants.

George A. Magney, contra.

BARNES, J.

This is an appeal from a decree of the district court for
Douglas county confirming the sale of real estate in satis-
faction of a judgment of foreclosure rendered in that court.
The objection to the sale and confirmation is, that the
successful bidder was not present at the sale. The sheriff's
return to the order was in the usual form, and it was
certified therein, among other things, as follows: "On the
30th day of December, A. D. 1902, at 10 o'clock A. M. of
said day, after having so advertised the sale for more than
thirty days, and at the time and place stated in said notice,
I offered the lands and tenements for sale, at public auc-
tion, and sold the same to George H. Vradenburg, the
owner of the decree herein, as follows: to wit, lot 12, in
block 1, in what is known on the map or plan of the city of
Omaha as 'Comer' in the city of Omaha, county of Douglas
and state of Nebraska, for the sum of eleven hunded and no
100 dollars; said sum being the highest amount offered,
and not less than two-thirds the appraised value thereof."

Appellant offered in support of his objection, his own
affidavit, in which he says: "That he was present at the

door of the court house all the time the deputy sheriff was there from 10 to 11 o'clock A. M.; that no person was present and bid upon said property at said sale; that about the hour of 11 o'clock A. M. the deputy sheriff again offered said premises for sale and no person bid thereat; yet, notwithstanding that no person was present and bid upon said property at said sale, said deputy sheriff declared the premises sold to George H. Vradenburg. Affiant says that George H. Vradenburg was not present, neither was any person for him present at said sale on said day, and no one at said time and place of sale bid upon said premises."

This was all of the evidence offered by said appellant, and so the question presented is, was the unsupported affidavit of the appellant sufficient to overthrow the return of the officer? In our opinion it was not. Even if the affidavit of the appellant were true it would not be sufficient to defeat the confirmation of sale; we do not think it absolutely necessary for a bidder to be present at the time of sale, either in person or by his agent. He could submit the amount of his bid to the sheriff before the property was offered for sale. In other words, he could inform the sheriff that at the sale he would bid a certain sum for the premises, and if no one made a higher or better bid the sheriff would be authorized to declare a sale on said offer. Especially is this true where it is not made to appear that the amount bid was less than the real value of the premises, and where no showing is made of prejudice or injury to the appellant's rights. Again, the district court having passed upon this question on the return of the officer and the affidavit in question, and having by his findings sustained the officer's return as against the appellant's affidavit, there is no reason why we should disturb such finding.

For the foregoing reasons, the judgment of the district court confirming the sale is

AFFIRMED.